[No. 16025.   Department Two.   January 10, 1921.]

## W. N. ROBESON, *Appellant,* v. G. G. NO-SKID'M TIRE BELT COMPANY *et al., Respondents.*[1]

FRAUD (22)—ACTIONS—EVIDENCE—SUFFICIENCY. Fraud in misrepresenting a patent as a basic patent is not proven where it was shown that all the papers represented it only as a "new and useful improvement" of an older device.

SAME (6) — RELIANCE ON REPRESENTATIONS AND INDUCEMENT TO ACT. Damages for fraud in misrepresenting the usefulness of a patent cannot be recovered where plaintiff did not rely thereon, but being a practical mechanic, made his own tests and assisted in demonstrating.

Appeal from a judgment of the superior court for King county, Hall, J., entered March 10, 1920, dismissing an action for fraud, after a trial on the merits to the court.   Affirmed.

*Kelleran & Hannan,* for appellant.
*Roberts & Skeel,* for respondents.

MITCHELL, J.—This is an appeal from a judgment in favor of the defendants dismissing an action in fraud tried to the court without a jury.

The respondent corporation, by mesne assignments, had become the owner of a recent patent for a nonskid device for automobiles. In March, 1917, in Seattle, the appellant purchased the exclusive selling

[1]Reported in 194 Pac. 559.

rights in and to the device for the state of Indiana. He alleged he was induced to make the purchase by reason of representations on the part of the respondents that the device was the only one of its nature on the market or that had ever been used or invented, and that there were no prior patents or applications for patents for the same or any similar device, and that no such or similar devices were in use or known, and that said patent was and constituted a basic patent; that said device was valuable, practicable and suitable for the purposes and uses for which it was intended. In elucidation of the last mentioned representations, it was claimed at the trial that, in making the sale, representations were made that the device would be found effective for the use of automobiles in snow and ice. It was alleged the representations were material and made with the intent that appellant should rely thereon; that he did rely thereon and had no other source of information, and, but for such representations would not have made the purchase; that the representations were false and known by respondents to be false, and that thereby he was damaged, for the recovery of which the suit was brought.

The evidence shows that, prior to the date of respondent's patent, another one of a somewhat similar device had been granted, which respondents were aware of at the time of the sale to appellant, and of which appellant testified he was ignorant. However, it clearly appears by the issuance at a later date of the patent, now owned by the respondent, and also by other convincing evidence, that respondent's device consists of a pronounced patentable improvement over the other one, and that, in none of the many sections of the country of which inquiry had been made at the date of the trial of this cause, had there been any attempt at the manu-

facture or use of the appliance called for by the other and older patent. As to the alleged representation that nothing similar had ever been patented, the allegation is not borne out by the record. In the application for the patent, there was no claim of a primary or basic idea, but only a new and useful improvement. The inventors, in their specification for letters patent, declared they had invented, "new and useful improvements for non-skid devices for motor vehicles of which the following is a specification, etc."; and further on in the specifications, in several places, it is stated the invention relates to improvements only. The letters patent are, "for an alleged new and useful improvement, etc." While the patent is dated some three weeks prior to appellant's purchase, the testimony is not clear if the patent had been received by the respondent at the time of the sale to appellant, but, it does appear that all the other papers relating to the patent, including the specifications, were exhibited and offered by respondent to the appellant for examination. Appellant so admitted while testifying. It also satisfactorily appears that, during the negotiations leading to the sale to appellant, another party, associated with him and taking part in examining into the project, had possession of the same papers relating to the patent for several days, within the knowledge of the appellant. Upon the whole record, we are satisfied there was no attempt, on the part of respondents or either of them, to mislead as to the character of the patent, and that the representations made in that respect were, that the article covered by the patent was improvement only—secondary rather than primary or basic.

As to the charges of false representations concerning the usefulness of the device, and that it was suit-

able for use in snow and ice, appellant testified that after his purchase he made a test and found the device impracticable. There was testimony of experts who, after examination of the appliance, were of the opinion it was not a success. On the contrary there was testimony on the part of experts who, after examination of the appliance, were of the opinion it was worthy and practicable. However, the appellant is in no position to complain. He did not rely upon the representations and opinions of the respondents. He admits he is a practical mechanic and that prior to his purchase, he actually tested and assisted in demonstrating the device. His negotiations for the purchase extended over a period of two months. He saw the device and had it explained to him; he rode around on the wet streets on a number of different occasions in an automobile equipped with one, and was pleased with it; on one of these occasions there was snow on the streets; and he examined a large number of unquestioned written endorsements of reputable persons (many of whom resided in Seattle), who had tested the device or seen it demonstrated. There was an endorsement from one who had used the appliance in deep snow and mud. For some time appellant engaged in the sale of the stock of the respondent corporation, for a commission, and in doing so made use of the written endorsements above referred to. It was after this investigation and experience he made the purchase which he now claims was induced by his being overreached.

Some objection is made to the refusal of the trial court to consider certain testimony of representations, it is claimed were made to others by the respondent. Under the particular facts and admissions of the appellant, already in evidence at that time, there was no error in the ruling complained of.

We are convinced the judgment appealed from was right. Affirmed.

HOLCOMB, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.